UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| M. LANE,<br>MANUEL AYON,<br>S. QADIR,<br><br>          Plaintiffs,<br><br>     v.<br><br>BRANDON MILLER,<br>AMANDA COPELAND,<br>ARAMARK CORPORATION,<br><br>          Defendants. | No. 1:20-cv-01697-SEB-DML |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiffs M. Lane, Manuel Ayon, and S. Qadir are Indiana inmates at Pendleton Correctional Facility (Pendleton). They brought this action under 42 U.S.C. § 1983 alleging that the defendants violated their Eighth Amendment rights by requiring them to reuse a plastic cup and spork without providing sufficient opportunities for them to clean and sanitize the utensils. They allege that they became ill as a result. The defendants, Aramark Corporation, Brandon Miller, and Amanda Copeland have moved for summary judgment. Because there is no evidence in the record that Aramark or its employees implemented an unconstitutional policy or that the plaintiffs were injured as a result, the defendants' motion for summary judgment, dkt. [36], is **granted**.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court

...
...

what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Educ., Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

## II.
## Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to the plaintiffs as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

At all relevant times, Amanda Copeland was the District Manager for Aramark. Dkt. 38-1 at ¶ 3 (Copeland Declaration). Aramark is an independent contractor that contracts with the Indiana Department of Correction (IDOC) to supply food services. *Id.* at ¶ 5. The contract provides as

follows:

> **1.1. Overview of Contractor's Responsibilities**
>
> 1. The Contractor shall operate and manage food services for correctional facilities under the jurisdiction of the Department of Correction. These duties include purchasing food supplies and small wares, on-site storage of food supplies; delivery of food supplies; preparation of food; servicing food to offenders, students and staff; cleaning and maintaining a sanitary food service area and designated are for storage of food supplies.

*Id*.

Aramark is responsible for cleaning and sanitizing the food service area, dining areas, and food storage areas. *Id.* at ¶ 5. Aramark is not responsible for the sanitization of any other part of the prison. *Id.* at ¶ 6. Aramark is also not responsible for providing hot water, soap, or cleaning supplies to inmates. *Id.* Hygiene items are supplied by the IDOC. *Id.* at ¶ 9.

Brandon Miller is the Food Services Director for Aramark at Pendleton. Dkt. 37-8 at ¶ 2 (Miller Declaration). The IDOC instructed him to implement a reusable cup and spork practice at Pendleton. *Id.* at ¶ 4.[1] IDOC has used this practice at other facilities. *Id.* It is Mr. Miller's understanding that the practice was put into place to reduce the amount of waste and prevent inmates from flushing disposable utensils down toilets. *Id.* After he received the request, he ordered cups and sporks and had them distributed to the inmates. *Id.* It is his understanding that the cups and sporks are safe for inmate use. *Id.*

Mr. Miller has personally used the faucets in the kitchen and in the restrooms at Pendleton and those faucets always produced hot water. *Id.* at ¶ 5. Soap was also available to him. *Id.*

Ms. Copeland was not personally involved in the decision to issue cups or sporks at Pendleton. Dkt. 38-1 at ¶ 7. It has been her experience during her weekly visits to Pendleton that faucets in the kitchen and in the restrooms always produce hot water. *Id.* at ¶ 8.

---

[1] Mr. Miller's declaration contains two paragraphs numbered 4. The Court refers to the second paragraph numbered 4.

Inmates received 2 plastic cups and 1 spork if they were in general population and 1 plastic cup and 1 spork if they were in restricted housing. *Id.* at ¶ 11. The inmates are required to bring the cup and utensils to and from the dining halls. *Id.*

The plaintiffs do not have access to soap or hot water at any washing station, common area, or bathroom sink. Dkt. 42 at 4 (Lane Declaration); *Id*. at 69 (Ayon Declaration); *Id*. at 71 (Qadir Declaration). Their cells only have cold water. *Id*. They are provided soap approximately once per month, but not upon request. *Id*. They do not have access to any means to clean or sanitize their utensils in the dining hall. *Id*. When their schedule requires them to go to the library or recreation immediately before mealtime, they carry the utensils in their hands because they have no pockets. *Id*. at 6, 70, 72.

The plaintiffs became sick, and Nurse Kristi Davis told them that their illnesses could be caused by using their dirty cup and spork. *Id*. The plaintiffs do not describe their illnesses in any detail. They once overheard Mr. Miller say that Aramark requested the change to reusable cups and spoons. *Id*.

Dr. Knieser is a doctor who provides services to inmates at Pendleton. Dkt. 38-3 at ¶ 3. (Dr. Knieser Declaration). He has never treated the plaintiffs for any illness, infection, sickness, or health condition that could conceivably be caused by unwashed cups and utensils. *Id.* at ¶ 5. He does not believe that it could be medically determined that the utensils or cups caused any health issues. *Id.* He is not aware of any inmates who have suffered any illness as a result of unwashed cups and utensils at Pendleton. *Id*.

### III.
### Discussion

The plaintiffs allege that the defendants were deliberately indifferent to their health and safety by changing a policy in June 2019 so that reusable plastic cups and sporks would be used at

Pendleton. They further allege that the defendants failed to provide them with the means to sanitize the utensils and that this caused them to become ill.

At all relevant times, the plaintiffs were convicted offenders. This means that the Eighth Amendment applies to their claims. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Minor injuries do not satisfy the objective component of an Eighth Amendment claim. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

### A.     Claims Against Aramark

Although a private entity, Aramark acts under color of state law and therefore may be liable for violating the plaintiffs' Eighth Amendment rights under the theory announced in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Walker*, 940 F.3d at 966. "Prevailing on such a claim requires evidence that a[n Aramark] policy, practice, or custom caused" the constitutional violation. *Id.* "[A] plaintiff must ultimately prove three elements: (1) an action pursuant to a municipal [or corporate] policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning the municipal [or corporate] action was the 'moving force' behind the constitutional injury." *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020).

Mr. Miller testified that the IDOC instructed him to implement a reusable cup and spork practice at Pendleton. The plaintiffs testified that they overheard Mr. Miller say that Aramark requested the policy change. Even assuming that Aramark instituted the policy change, the plaintiffs have presented no evidence in support of their claim that the policy itself violated their constitutional rights.

Prison officials must provide inmates "'the minimal civilized measure of life's necessities.'" *Isby v. Brown,* 856 F.3d 508, 521 (7th Cir. 2017) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347

(1981)); *see also United States v. Weathington,* 507 F.3d 1068, 1073 (7th Cir. 2007) ("The Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons.") (internal quotation omitted)). "[T]he fact that the plaintiff must eat with *plastic utensils* and drink from styrofoam cups fails to implicate the Constitution." *Armstrong v. Lane*, 771 F. Supp. 943, 949 (C.D. Ill. 1991) (emphasis in original).

The plaintiffs also argue that "Aramark is responsible for servicing [sic] food to prisoners. Part of servicing food to prisoners is providing them utensils to eat the food served. In providing utensils to eat the food, Aramark is responsible for making sure the utensils are clean and sanitized for health and safety purposes." Dkt. 41 at 4. But the plaintiffs have pointed to no contractual provision requiring Aramark to make sure inmates had the ability to clean their utensils once they were distributed. To the contrary, the IDOC is obligated to provide hygiene items, including hot water and soap.

There is no evidence to conclude that the decision to switch to reusable utensils to reduce waste and prevent inmates from flushing disposable utensils down toilets violates the Constitution. Therefore, Aramark is entitled to summary judgment.

### B. Claims Against Copeland and Miller

The plaintiffs allege that the individual defendants were deliberately indifferent to the food sanitation needs. "A prison official who acts with deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021). "This standard encompasses 'both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety.'" *Id.* (quoting *Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir. 2006). The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 114 S. Ct. at 1979.

To defeat summary judgment the plaintiffs must designate sufficient evidence to support the objectively serious and subjectively culpable components of their Eighth Amendment claims. They have not done so.

Even assuming that being "sick" is objectively serious, there is no evidence that Ms. Copeland or Mr. Miller were responsible for the decision to issue reusable cups and sporks at Pendleton. Nor is there any evidence that either of them had any reason to believe that the decision—whether made by the IDOC or Aramark—would harm the plaintiffs. Mr. Miller was aware that other IDOC prisons had used the same types of utensils. It is his understanding that the cups and sporks were safe. Both defendants believed that inmates had access to soap and hot water and were therefore able to clean their utensils. The plaintiffs have not provided any evidence to the contrary. Thus, there is no material fact in dispute as to whether either Copeland or Miller were aware that the change in policy would pose a substantial risk to any of the plaintiff's health and safety.

The defendants are entitled to judgment as a matter of law because the plaintiffs have "failed to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### C. Causation

In addition, section 1983 allows for recovery only by a "party injured" by a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983;

*see also Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015) (a plaintiff must "establish one of the necessary elements of a constitutional tort: that the officer's act . . . caused any injury.") (internal quotation omitted). The plaintiffs have presented no evidence other than their own speculation that using the reusable sporks and cups *caused* them to become ill. A party opposing summary judgment must "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). Inferences supported only by "speculation or conjecture" will not suffice. *Skiba v. Ill. Cent. R. R. Co.,* 884 F.3d 708, 721 (7th Cir. 2018).

The plaintiffs contend that Nurse Davis "alerted" them to the "fact that the cause of [their] illness could be the dirty utensils…" Dkt. 42 at 5, 70, 72. This alleged statement is inadmissible hearsay that cannot be used to survive summary judgment. *Cairel v. Alderen*, 821 F.3d 823, 830 (7th Cir. 2016). The plaintiffs also refer to news articles discussing the use of plasticware during the COVID-19 pandemic. Dkt. 43-5. These articles are also inadmissible hearsay. *See* Fed. R. Evid. 802; *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 761 (7th Cir. 2013) (newspaper article offered as proof of the truth of the article's contents was "classic" inadmissible hearsay).

In sum, there is no admissible evidence that the plaintiffs became sick because they used reusable utensils.

## IV.
## Conclusion

For the reasons discussed above, the defendants' motion for summary judgment, dkt. [36], is **granted.** Judgment consistent with this Order shall now issue.

  **IT IS SO ORDERED**.


Date: ____12/9/2021____       _____
                 SARAH EVANS BARKER, JUDGE
                 United States District Court
                 Southern District of Indiana

Distribution:

M. LANE
874279
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

MANUEL AYON
933606
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

S. QADIR
251346
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com